**WM. CAMERON & CO., Inc., v. UNITED STATES.**

**Civ. No. 454.**

District Court, W. D. Texas, Waco Division.

Oct. 12, 1946.

Sleeper, Boynton, Darden & Burleson, of Waco, Tex., for plaintiff.

J. M. Burnett, U. S. Atty., of San Antonio, Tex., for defendant.

BOYNTON, District Judge.

This is an action brought by Wm. Cameron & Co., Inc., as plaintiff, against the United States of America, as defendant, for the recovery of income tax in the sum of $5,908.36, and interest thereon in the sum of $1,034.91 alleged to have been illegally assessed against plaintiff for its fiscal year ended May 31, 1940, and to have been paid under protest August 6, 1943. Plaintiff seeks a recovery of said sum of $6,943.27 so paid, with interest as by law allowed, from the time of such payment.

Finding of Fact.

1. The Court finds the facts as recited and contained in the written stipulation entered into between the parties hereto, filed in this cause, to be as in such written stipulation contained.

2. That W. W. Cameron, President of Wm. Cameron & Co., Inc., as the active executive officer for plaintiff, received payments of principal and interest from himself individually on his note and obligation to plaintiff and personally determined how such payments were to be applied.

3. The customary method of bookkeeping and accounting of plaintiff, Wm. Cameron & Co., Inc., as shown by written stipulation of parties and uncontroverted testimony, was conducted on the "accrual basis" except only as to interest, which was handled on the "cash basis".

4. W. W. Cameron, individually, and his estate following his death, was at all times solvent and able to pay any and all indebtedness as same accrued.

5. That the declaration and holding of the Commissioner of Internal Revenue that the item of interest here involved and collection of income tax thereon,—paid by plaintiff under protest,—was "accrued income" of plaintiff for its fiscal year ending May 31, 1940; in its effect a finding by the Commissioner of Internal Revenue that such was "accrued income" of plaintiff for said fiscal year.

6. The Court on trial of the case, over objection of counsel for defendant, admitted in evidence testimony of witnesses E. R. Bolton and G. H. Zimmerman as relating to the estate tax return filed and paid in matter of the Estate of W. W. Cameron, deceased, as well as testimony as to whether or not one-half of the interest on the W. W. Cameron note in question was a proper deduction to the estate tax return, testimony relating to conferences, meetings and discussions had with agents and others in the employ of the Bureau of Internal Revenue, and actions of the Commissioner of Internal Revenue with reference to the estate return and the imposition and exaction of the tax thereon, and testimony of said witnesses relating to the handling of and transactions with the Commissioner of Internal Revenue and others employed in the Bureau of Internal Revenue concerning items of "invested capital" for the year 1941 and subsequent years; and later overruled written motion of counsel for defendant to strike from the record in the case such testimony as irrelevant and immaterial to any issue involved in this case. While admitting such testimony on trial of the case, and overruling defendant's said motion to strike, the Court doing so in order that any and all testimony that might have a possible bearing on the issue involved in the case at bar be admitted and a complete record made; on consideration of the facts in reaching the Court's Findings of Fact and Conclusions of Law the Court did not consider, and here so finds, that such testimony had any material bearing or effect on the issue or issues involved in the case at bar.

Conclusions of Law.

I. That the Commissioner of Internal Revenue had the authority and he correctly and properly accrued on the books of plaintiff $31,096.62, being one-half of the interest earned but not collected upon the note, obligation and indebtedness of W. W. Cameron to plaintiff corporation, as properly "accrued income" of plaintiff, Wm. Cameron & Co., Inc., for its fiscal year ending May 31, 1940; and the tax so assessed by the Commissioner of Internal Revenue and collected, on such items of interest, was legal and proper.

II. That the Commissioner of Internal Revenue, under the law and regulations was vested with discretion and power to

declare as "accrued income" of plaintiff, Wm. Cameron & Co., Inc., for its fiscal year ending May 31, 1940, such item of interest, and collect income tax thereon; was in law warranted in so doing, and did not act in abuse of such discretion.

\* \* \* \* \* \*

Therefore, in accordance with the foregoing Findings of Fact and Conclusions of Law, judgment will be entered herein that plaintiff is not entitled to any recovery on its action herein, and that judgment be entered in favor of defendant, together with costs.